IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEN PHILLIP WILLIAMS, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 03-RRA-1381-E |
| ] | |
| WARDEN MARTHA JORDAN, and the ] | |
| UNITED STATES OF AMERICA ] | |
| ] | |
| Respondent. ] | |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petitioner, Ken Phillip Williams, is a federal inmate, currently incarcerated at the United States Penitentiary in Coleman, Florida.[1] Williams is serving a 120-month sentence imposed upon him by the United States District Court for the Northern District of Mississippi, for possession of an unregistered firearm. Williams' current projected release date is in 2010.

Prior to his federal conviction, Williams was convicted in a Mississippi state court for related charges of attempting kidnaping and assault on a law enforcement officer, for which he received a sentence of thirty years' imprisonment, with ten years suspended, to run concurrent with the federal sentence. Williams was sentenced first by the federal court, then by the state court, that ordered the state sentence to run concurrent with the federal sentence.

In support of his petition, Williams claims that his due process rights are being violated because the Bureau of Prisons refused to grant his nunc pro tunc request to run his federal sentence concurrent with his state sentence. In response to the court's order to show cause, the respondents have filed an

---

[1] At the time he filed his petition, Williams was incarcerated at the Federal Correctional Institution in Talladega, Alabama.

answer in which they argue that the petitioner has failed to exhaust the administrative remedies available to him. They add that the petition is meritless. By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary judgment. The petitioner was advised that he must comply with Rule 56 of the *Federal Rules of Civil Procedure* in responding to the motion for summary judgment. In response, the petitioner has filed two traverses and an affidavit.

It is concluded that the motion is due to be denied due to lack of jurisdiction. The relevant statute governing credit for time served, 18 U.S.C. § 3585(b), provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>     (1) as a result of the offense for which the sentence was imposed; or
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

However, it is the Attorney General, through the Bureau of Prisons, not the district court, that is authorized to compute the time to be credited under § 3585. *United States v. Wilson*, 503 U.S. 329, 333-34 (1992); *United States v. Whaley*, 148 F.3d 205, 206 (2d Cir. 1998); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996).

> As a result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). "Exhaustion of administrative remedies is jurisdictional." *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (addressing denial of a § 2241 petition).

*United States. v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005). Williams does not deny that he has failed to pursue administrative remedies with regard to his claim.

Wherefore, this court lacks jurisdiction over the petitioner's claim. An order of dismissal will be entered.

2

DONE this 9th day of December, 2005.

                                                                                                              _____
                                                                                                              WILLIAM M. ACKER, JR.
                                                                                                              UNITED STATES DISTRICT JUDGE